IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE SALAZAR, | : | Civil No. 3:18-cv-0675 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| UNITED STATES, | : | |
| Defendants | : | |

**MEMORANDUM**

I. **Background**

Plaintiff, George Salazar, an inmate currently confined in the United States Penitentiary, Lompoc, California, filed the above captioned Federal Tort Claims Act (FTCA) pursuant to 28 U.S.C. § 2671. (Doc. 1). Plaintiff alleges that Defendant's negligent acts resulted in injuries due to salmonella poisoning. *Id.* Specifically, Plaintiff alleges that "on November 23, 2016, contaminated food was issued by correctional officers to inmates at USP-Lewisburg during the holiday meal (Thanksgiving)." *Id.* Plaintiff claims that on December 8, 2016 he was seen by the Bureau of Prisons Health Services for abdominal pain. *Id.* He states that he was diagnosed with acid reflux disease and prescribed medication, which he took for approximately two weeks, until he was transferred to another facility. *Id.* Plaintiff subsequently filed an Administrative Tort Claim, which was denied on January 26, 2018, because " a review of [his] medical records reveal[ed] no documentation that [he] reported any symptoms and no evidence that [he] experienced any loss as a result

of negligence." *Id.* Plaintiff filed the instant action on March 26, 2018. *Id.* On April 10, 2018, the Court entered an order staying all deadlines and instructing the parties to participate in mediation. (Doc. 13, Order). On July 24, 2018, the mediator notified the Court that mediation did not result in the parties settling the case. (Doc. 15). On July 25, 2018, Defendant filed a motion for summary judgment and supporting brief. (Docs. 16, 17).

Presently pending before the Court are Plaintiff's motion to compel and motion for a continuance of the pending motion for summary judgment. (Docs. 21, 22). Also before the Court is Defendant's motion for a protective order. (Doc. 19). For the reasons set forth below, the Court will deny Plaintiff's motions and grant Defendant's motion for protective order.

## II. <u>Standard of Review</u>

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

2

*Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

### III. Discussion

In the instant motion to compel discovery, Plaintiff requests the following:

> Federal Bureau of Prisons records detailing the incident in question, other complaints filed that mention plaintiff in passing or state a similar cause of action, and medical records detailing the plaintiff's symptoms and experiences. If any document or category of documents cannot be produced in full, please produce to the extent possible and specify any reason for the inability to produce that portion of the document or category of documents not

3

produced.

(Doc. 14, Request for Documents).

Defendant contends that all of Plaintiff's medical records relevant to his experience at USP-Lewisburg, during the time frame at issue, were submitted as exhibits to their motion statement of material facts, filed in support of their motion for summary judgment, (*see* Doc. 17), and that any records detailing the outbreak or complaints from other inmates regarding the outbreak, whether they mention Plaintiff, nor not, are irrelevant to whether Plaintiff, himself, suffered salmonella poisoning. (Doc. 20). As such, Defendants have filed a motion for a protective order, requesting a stay of discovery until after the Court's resolution of Defendant's motion for summary judgment. *Id.* The Court agrees.

Initially, the Court finds that Plaintiff's discovery request for all of his pertinent medical records has been satisfied by the submission of Plaintiff's medical records, attached as exhibits to Defendant's statement of material facts. (Doc. 17-1 at 4-73).

Plaintiff's second request is for information regarding other complaints filed that mention plaintiff in passing or state a similar cause of action. This is precisely the kind of sweeping, generalized and overly broad discovery requests judges in the Middle District of Pennsylvania have rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff. *See, e.g., Montanez v. Tritt*, Civ. No. 3:14-CV-1362, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports,

4

grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.") (Mariani, J.); *Lofton v. Wetzel*, Civ. No. 1:12-CV-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015) (Conner, C.J.) ("It is apparent that [the plaintiff's] requests for 'any and all' records of inspection, and 'all' incident reports and grievances are a grossly overstated fishing expedition. [His] request for incident reports and grievances regarding other inmates raises obvious privacy and security issues, and the relevance of such information is questionable at best."); *Sloan v. Murray*, No. 3:11-CV-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (Caputo, J.) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Clark*, Civ. No. 1:10-CV-1323, 2011 WL 4898168, at *2-3 (M.D. Pa. Oct. 13, 2011) (Caldwell, J.) (denying motion to compel inmate request for discovery of 27-months of grievances about a specific cell block, finding it to be overly broad, burdensome, and potentially implicating privacy interests of other inmates); *McDowell v. Litz*, Civ. No. 1:CV-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (Rambo, J.) (finding requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and agreeing with the defendants' "concerns about accessing private information with respect to other inmates' grievances."); *Callaham v. Mataloni*, Civ. No. 4:CV-06-1109, 2009 WL 1363368, at *3-4 (M.D. Pa. May 14, 2009) (Jones, J.) (denying motion to compel, inter alia, grievances

relating to medical treatment of other inmates, citing privacy concerns); *cf. Banks v. Beard*, Civ. No. 3:CV-10-1480, 2013 WL 3773837, at *5 (M.D. Pa. July 17, 2013) (Munley, J.) (denying motion to compel account statements for other inmates despite plaintiff's claim of relevance).

In keeping with these decisions, the Court finds that Salazar's request for discovery of other grievance information is overly broad, since it seeks discovery of complaints of any nature, involving any subject matter, filed by non-party inmates or staff against Defendant. The discovery request is of questionable relevance, is unbounded temporally or by subject, and is plainly burdensome and overly broad, and implicates important privacy interests. Accordingly, the motion to compel further production of complaints filed by inmates will be denied.

### III. Conclusion

Based on the foregoing, Plaintiff's motion to compel (Doc. 21) and motion for a continuance of summary judgment (Doc 22) will be denied. Defendant's motion for protective order (Doc. 19) will be granted. A separate Order shall issue.

Date: February 25, 2019

Robert D. Mariani
United States District Judge